STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NUMBER 2023 CA 0519

TOMMY LOUIS DAVIS

VERSUS

DEPARTMENT OF PUBLIC SAFETY & CORRECTIONS & ET AL.

**Judgment Rendered:** NOV 0 9 2023

\* \* \* \* \* \*

Appealed from the
Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Suit Number C675485

Honorable Trudy M. White, Presiding

\* \* \* \* \* \*

Tommy Davis                             Plaintiff/Appellant
Kinder, LA                              In Proper Person

Heather C. Hood                         Counsel for Defendant/Appellee
Baton Rouge, LA                         James M. LeBlanc

\* \* \* \* \* \*

BEFORE: GUIDRY, C.J., CHUTZ, AND LANIER, JJ.

**GUIDRY, C.J.**

Tommy Louis Davis, an inmate in the custody of the Department of Public Safety and Corrections (DPSC), appeals a district court judgment dismissing his petition for judicial review for lack of subject matter jurisdiction. For the reasons that follow, we affirm.

## FACTS AND PROCEDURAL HISTORY

On October 29, 2018, Davis filed a petition for judicial review in the Nineteenth Judicial District Court (19th JDC) seeking review of ARP #2013-3814 and ARDC #2017-152. Additionally, Davis alleged that DPSC failed to address his complaint regarding his DOC number and misidentification. On February 8, 2019, the district court issued a multiple claims order to Davis, recognizing that Davis had sought review of multiple administrative procedures in one suit for judicial review, *i.e.*, an ARP, a property claim, and an unnamed ARP. Because an inmate is only entitled to seek judicial review of a single administrative record in any lawsuit, the district court ordered Davis to notify the court, in writing, within thirty days from the date of the order, which single administrative record listed in the appellate petition he sought to be reviewed in the lawsuit and to provide the court with a copy of the final agency decision issued in that record.

In his response filed February 28, 2019, Davis once again provided information regarding all three of his original complaints. The court held a status conference on May 7, 2019, wherein it explained to Davis that he could only proceed with one grievance and asked him which grievance he wanted the court to review. Davis requested that the court review the unnamed ARP. However, because the record did not contain proof that Davis had exhausted the administrative remedy procedure for the unnamed ARP, and DPSC likewise had no record of exhaustion by Davis for the particular grievance associated with the unnamed ARP, the court issued an order remanding the matter to Davis to allow him to supplement the record

2

with proof of exhaustion of the unnamed ARP. The order stayed the matter for thirty days during which Davis was required to supplement the record with proof of exhaustion of the unnamed ARP relating to his grievance regarding his DOC number. On June 12, 2019, Davis filed a response to the court's order.

Thereafter, a 19th JDC Commissioner issued a screening recommendation, noting that Davis's responses to the court's orders did not contain proof of exhaustion and as such, were non-compliant with the court's orders. Accordingly, because exhaustion of administrative remedies is the exclusive process by which a cause of action may be preserved for judicial review on appeal, and Davis failed to prove such exhaustion, the Commissioner recommended that the petition for judicial review be dismissed without prejudice for lack of subject matter jurisdiction based on a failure to exhaust administrative remedies in accordance with La. R.S. 15:1172(C). The district court subsequently signed a screening judgment adopting the written recommendation of the Commissioner and dismissing Davis's petition for judicial review of an unnamed ARP. Davis now appeals from the district court's judgment.

## DISCUSSION

The Corrections Administrative Remedy Procedure (CARP), set forth in La. R.S. 15:1171, *et seq.*, authorizes DPSC to adopt an administrative remedy procedure for receiving, hearing, and disposing of any and all inmate complaints and grievances. The adopted procedures are the exclusive remedy for handling the complaints and grievances to which they apply. La. R.S. 15:1171(B); Allen v. Louisiana Department of Public Safety and Corrections, 20-0443, p. 4 (La. App. 1st Cir. 2/24/21), 322 So. 3d 258, 260.

The rules and procedures promulgated by DPSC are set forth in Section 325 of Title 22, Part 1 of the Louisiana Administrative Code. Crooker v. Dillon, 21-1431, p. 4 (La. App. 1st Cir. 6/22/22), 343 So. 3d 799, 802. Pursuant to these rules,

3

offenders must exhaust a two-step ARP before they can proceed with a suit in federal or state court. La. R.S. 15:1176; LAC 22:I.325F(3)(a)(viii). If an inmate fails to exhaust available administrative remedies, the district court and the appellate court lack subject matter jurisdiction to review the claim. Allen, 20-0443, p. 5, 322 So. 3d at 261.

Accordingly, because the record in this case is devoid of any evidence that Davis exhausted his administrative remedies regarding the unnamed ARP prior to filing his petition for judicial review in the district court, the district court lacked subject matter jurisdiction to consider his petition. Therefore, we find that the trial court correctly dismissed Davis's petition for judicial review. See La. R.S. 15:1172(C).

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the district court. All costs of this appeal are assessed to appellant, Tommy Louis Davis.

**AFFIRMED.**